The defendant being dissatisfied with this decree, Mr. Cheves presented a petition for a rehearing.
The humble petition of Mary Bellinger, the defendant in the above cause, sheweth :
That your petitioner finds herself greatly aggrieved by a decretal order of this honorable .court, made in this case in April term last; whereby it is decreed that your petitioner shall account as executrix of her testator, who was executor of Benjamin Webb, deceased, for the hire of the negroes of the estate of the said Benjamin Webb, from the year 1782, inclusive, at the rate- of 10/. per working hand per annum, taking the number of working hands at sixty, unless your petitioner could shew that there were *500 on the plantation,' whuvby your petitioner’s testator will be obliged to pay in addition to the. crops actually made for those years, 8864 8s. 8d, and in addition thereto, according- to the principle of Mayivnt v. executor, of Nelson, a sum in interest equal to 2,0704 making together the sum of 29564 8*’. 8d. which will be in a great degree ruinous to the estate- of her testator, her children and herself, and which is greati r than the whole value of the personal estate of the said Benjamin Webb, his debts deducted, when the same was appraised. Your petitioner therefore cannot doubt but that vour honors will indulge your petitioner in an inquiry into the grounds of this decree, in its principle of great importance, in its amount great, and in its relation to your petitioner and her children, all in all.
Your honors will be pleased to observe that the transactions which form the subject of consideration in this case, commenced at a period when the majority of your honors now in the fullness of years and wisdom, were yet in early youth. That the country has in the mean time suffered the effects of a calamitous war, and the ten fold evils of a civil contest, in which public records have suffered, but wherein in scarce any instance have private documents been wholly preserved. That her testator who was the actor in these transactions, was sorely afflicted by diseases for many years before his death, and unable to attend actively to business ; and that he has many years since paid the debt of nature, leaving his children in infancy, and, your petitioner always utterly unacquainted with accounts and unfit for business, wholly ignorant of this case, her testator haying in his lifetime suffered the loss of many papers by the destruction of his dwelling house by fire. And finally that under these numerous circumstances of disadvantage, your petitioner is called to this rigorous account. But from this detail your petitioner does not mean to contend that the complainant shall be denied a fraction of the claims which he can establish according to law, or that the rules of law or of evidence should be relaxed or ■varied in relation to her case; but it will strongly, no *501 doubt impress on your honors minds thv. propriety and necessity of giving her the protection oí those rules, the rules of right reason, and the only sure indices of truth,
Your petitioner has been advised that the principle on which the complainants have endeavoured to charge the estate of her testator is in the language of their counsel, for gross negligence in the management of the estate. Now your petitioner humbly submits to your honors that your honors have not even suggested the existence of such negligence. But on the contrary, your honors have been pleased to say only, that you “ are not- altogether content with the crops which have been made by Mr. Bellinger,” from which it is clear that your honors did not mean to charge the defendant’s testator with “ gross negligence,” which would be utterly inconsistent with the well considered expressions in the above sentence and in divers others in the said decretal order. But if these words be expressive of your honors opinion, which your petitioner cannot doubt, as they are confirmed by the whole tenour of the decree, and not delivered through inadvertence, which there is no reason to believe, it will most clearly, follow, that the grounds of “ gross negligence” is not only not admitted, but denied by your honors. Your petitioner is also advised that there is great reason to doubt whether it is not departing from the principle of the decision of Mayrant v. Ex’ors. of Nelson, to predicate the liability of her testator on any species of negligence m the manager ment of the estate ; the principle of that decision- being as your petitioner has understood, and as the decree itself seems to prove, the failure of the executor to account with reasonable accuracy for. the actual crops of the estate, and. not the insufficiency of the crops, which seems to be a matter not in the nature of account, but sounding in damages, as much as the omission of any agent, public or private, to do his duty with fidelity, and with such skill and ability as the law requires.
But your petitioner is further advised that admitting the correctness of the principle, still the complainants ac *502 cording to the rules of evidence as well as the plainest die-* tates of common sense & common justice, having founded their claim on “ gross negligence,” were bound to prove it. And that it was not at all incumbent on the defendant to discharge herself till evidence sufficient to satisfy the mind of the court and to authorize a decree, had been adduced by the complainants. Now if the evidence be adverted to, it will be seen that none such does exist; and the exposition thereof by your honors in the said decree has demostrated the fact.
The most favourable view for the complainant, of the testimony, admits of no stronger inferences than that Mr. Bellinger wanted ordinary judgment and skill, and failed óf reasonable success; while even these grounds are controverted, and as your petitioner thinks, fully disproved as to their influence on the crops of the estate, by very strong-testimony ; for it appears from the testimony of all the witnesses, that as the Ashepoo lands were then cultivated, it was not practicable on them to make a good crop, and the crops of Mr. Webb himself appear to have diminished every year, which as youi- honors remark, is an evidence of the increasing deterioration of the lands.
That even these crops were not equal .to those for which your petitioner’s testator has accounted, nor nearly equal, though adduced to prove neglect in your petition-,er’s testator: that after the management had passed into the hands of Col. Doyley, (talcing the price of rice to be the same always, as the rise or fall of the markets could not increase the produce of the land,) the crops were not nearly as great as those made by your petitioner’s testator ; and even at the high prices at which some of the latter crops sold, not equal in pecuniary amount. Thus then it clearly appears that there is not the shadow of pre-tence to say that there existed gross negligence, and that •the weight of evidence is against the charges of a want of ordinary skill and judgment, and reasonable success.- And so your honors have declared when you say, (stating forcibly, and not less j ustly than forcibly, the inapplicability and *503 Insufficiency of «.he complainants proof,) that the complainants endeavour to draw an inference from the testimony, that the executor was guilty of “ such gross neglect as to make him liable for the alleged deficiency (in the crops) or for the hire of the negroes, but that the evidence in neither view affords a satisfactory guide to the courts” These are the words of the decree. Now if the evidence be shortly stated, which shall be done without gloss or coloring, so far as it relates to the crops actually made by Mr. Webb in his lifetime, by your petitioner’s testator, & by Col. Doyley afterwards, it will appear that your petitioners testator made greater crops than were ever made, according to any testimony before the court, oii the lands 6f the estate.'
In this view, for the conclusive and incontrovertible reasons given by the court, the years 1779, 1780, and 1781 are omitted.- Statement No. 1, hereunto annexed wilí shew that Mr. Webb made during six successive years but $>26 31 cents per hand — while it will appear by reference to statement No. 2, that your petitioner’s testator made during eight successive years, (excluding 1779, 1780, and 17S1, as aforesaid) 37 dolls. 18 cents, or nearly fifty per cent. more. • Statement No. 3, gives a view of the years to which the decree relates — which, though it excludes two of the largest crops, yields 32 3-4 dollars per hand; and by reference to statement No. 4, it will appear that for two years under the management of Colonel Doyley, there was made but $22 53 cents per hand, taking the rice at a fixed price, and by the actual sales, only g21 57 cents or nearly 73 per cent, less than the crops, made by your petitioner’s testator. And by the same statement, it will appear that with part of the negroes under the management of Col. Doyley, there was made during four successive years, taking the rice at a'fixed price, only, thirty-one dollars per hand, less by one sixth than the crops of your petitioner’s testator : and taking the result according to the high and therefore unusual prices of rice, there was made no more than $37 7 cents, per hand, which *504 is less than the crops of your petitioner’s testator. Your petitioner would then inquire how, according to justice, jaw or evidence, her testator is to be charged with gross negligence, when it appears with mathematical certainty that he did more than was effected by the zeal of personal, interest, or the exertions of devoted friendship ? Why under these circumstances, severe and ruinous penalties are to be imposed upon her testator’s estate, herself and her children i Nay more, why she shall be obliged to suffer these penalties, not only without proof, but against evidence. The issue is, “ gross negligence, or not ? It is legally incumbent on the complainants to prove their case satisfactorily : but your honors have said, and by the best reasoning proved, what has been otherwise, demonstrated, that there is no satisfactory evidence on the subject ? — ■ Will it not then inevitably follow that the decree ought not to charge your petitioner’s testator ? Your petitioner therefore prays your honors to grant a rehearing of the said cause.
Mr. Cheves and Mr. Gaillaed for the petitioner, Defendant in the suit,
urged the arguments used at the former hearing with renewed force and ingenuity, and added other arguments. They contended that the accounts filed by the executor had not been falsified, and ought to be relied upon as made by the person chosen and confided in by the testator, and sanctioned by his oath, until shewn to be false or imperfect by full testimony. That so far from the accounts being falsified, it appeared that the executor had given credit to the estate for all that had been made on the plantation, and that by the comparison of the crops accounted forby the executor, compared with those made by the testator himself in tranquil times, and with his own perpetual superintendance, the executor bad done better, or at least as well as the testator; as appeared by the comparative statements produced to the court.